# Commonwealth, ex rel., *v.* Guardian Fire Insurance Company of Pennsylvania (No. 2).

*Principal and agent—Insurance companies—Local agent—Compensation—Set-off.*

Where local agents of an insurance company have in their hands sums of money due to the company by reason of premiums paid to

them which had not been turned over to the company in their monthly reports, prior to the time the company was placed in the hands of a receiver, they cannot set off as against the claim of the receiver for such moneys, a dividend on claims which they had taken by assignment from policyholders for return premiums due to policyholders.

Argued. March 14, 1916.     Appeal, No. 7, March T., 1916, by A. V. Landis, Assignee, from order of C. P. Dauphin Co., Commonwealth Docket, 1909, No. 23, overruling exceptions to report of auditors in case of Commonwealth, ex rel., M. Hampton Todd, Attorney General, v. Guardian Fire Insurance Company of Pennsylvania.     Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.     Affirmed.

Exceptions to report of Frank B. Wickersham, Esq., and Harry M. Davidson, Esq., auditor.

The facts are stated in the opinion of the Superior Court.

*Error assigned* were in dismissing exceptions to auditor's report.

*John R. Geyer* and *John E. Fox,* with them *John E. Malone,* for appellant.

*J. E. B. Cunningham,* with him *Blakely & Calvert,* for appellee.

OPINION BY KEPHART, J., July 18, 1916:

In the appeal of Charles F. Widmyer we disposed of the questions as to commissions on unearned or returned premiums.     The facts in this case are similar to those in that appeal, with the exception of the amount.     There is this distinction in the Landis Appeal which, however, does not alter the conclusion reached: When the receiver was appointed, Landis had in his hands certain sums of money due to the company by reason of premiums hav-

210  COM., ex rel., *v.* GUARDIAN F. INS. CO. OF PA. (No. 2).

Opinion of the Court.  [65 Pa. Superior Ct.

ing been paid to him, which had not been turned over to the company in his monthly reports. For the reason suggested in the preceding appeal, when the receiver was appointed, the money was due to the company from Landis. The agency balance, while not the same as commissions on return premiums, had nevertheless the same equities in that it was the property of the company and was to be paid to it by the appellant, and any dividend allowed on unearned or returned premiums was to be subject to the counterclaim of the agency balance due the company, as well as the commissions on the unearned or returned premiums. This agency balance was certainly not the money of the local agent. That is the view taken by the court below.

The adjudication of the claim of Dickson and Tweedale by Judge McCARRELL, on exceptions to the first report of these same auditors, is not at variance with the conclusions here reached. What was there said was for the purpose of emphasizing the fraudulent character of that claim and it did not commit the determination of the questions which now arise between the insurance company and the local agent.

The assignments of error are overruled and the decree of the court below is affirmed.